**LAW OFFICE OF PETER B. TIEMANN**
PETER B. TIEMANN, State Bar #195875
4989 Golden Foothill Parkway
El Dorado Hills, California 95672
Telephone: (916) 941-7300
pbtman@gmail.com

Attorney for Plaintiff
Dustin Buettner

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUSTIN BUETTNER by and through his Guardian Ad Litem, STEPHANIE NELSON, <br><br> Plaintiff, <br><br> vs. <br><br> CENTER UNIFIED SCHOOL DISTRICT, TWIN RIVERS UNIFIED SCHOOL DISTRICT, TWIN RIVERS POLICE DEPARTMENT; CHRISTOPHER BRECK, individually and in his official capacity as Chief of Twin Rivers Police Department; Twin Rivers Police Officer BRIAN BOWMAN; Does 1 though 10. <br><br> Defendants. | No: <br><br><br><br><br> **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS [42 U.S.C. § 1983] AND STATE LAW** <br><br><br> **JURY TRIAL DEMANDED** |

Plaintiff DUSTIN BUETTNER, a minor herein, by and through his Guardian ad Litem, STEPHANIE NELSON, complains of Defendants and DOES 1-10, and each of them, and alleges the following.

This complaint arises out of the unprovoked violent attack on and wrongful detention of Plaintiff DUSTIN BUETTNER by Twin Rivers Police Department officer Brian Bowman

Complaint for Violation of Civil Rights and State Law; Jury Trial Demanded     1

1  on or about February 5, 2010 at 11:00 a.m.  The incident began while Plaintiff was sitting on a
2  chair talking to a counselor in the hall way of the administrative offices at the Wilson C. Riles
3  Middle School.  The Plaintiff, a 13 year old student was sitting in the chair talking with a
4  counselor when Officer Bowman grabbed plaintiff by the neck, picked him up, shoved him
5  against the wall, and then slammed him to the ground.   The officer then handcuffed plaintiff
6  and then locked him in his patrol car.
7       In an effort to justify his actions, the officer claimed that the student lunged at him.
8  The officer further claims that force was necessary to restrain the plaintiff.
9       Subsequently, the plaintiff was released to his parents.  He was never charged with a
10 crime.
11      Through this action, Plaintiff seeks compensation for his physical injuries which
12 required medical treatment, emotional distress and anguish and other injuries.  Plaintiff also
13 seeks punitive damages against the Defendants.
14
15                                              **PARTIES**
16      1.      During all times, Plaintiff DUSTIN BUETTNER was, and is, a United States
17 citizen, and resided in the County of Sacramento, State of California.
18      2.      Defendant TWIN RIVERS POLICE DEPARTMENT, is a municipal entity
19 located within the State of California; within the territorial jurisdiction of this court.
20      3.      Defendant CENTER UNIFIED SCHOOL DISTRICT, is a municipal entity
21 located within the State of California within the territorial jurisdiction of this court.
22      4.      Defendant  TWIN RIVERS UNIFIED SCHOOL DISTRICT; is a municipal
23 entity located within the State of California within the territorial jurisdiction of this court .
24      5.      Defendant OFFICER BOWMAN, is and was at all times mentioned herein, an
25 Officer of the Twin Rivers Police Department. Defendant Bowman is sued individually and in
26 his official capacity.
27      6.      Defendant CHRISTOPHER BRECK,  is, and was at all times mentioned
28 herein, the Chief of the TWIN RIVERS POLICE DEPARTMENT.  Defendant

1  CHRISTOPHER BRECK was acting at all times herein as the Chief of Police for the Twin
2  Rivers Police Department.  Defendant CHRISTOPHER BRECK is sued individually and in
3  his official capacity.
4      7.    Defendants Does1-10 was at all times mentioned herein, employed by
5  Defendant Twin Rivers Police Department, the Center Unified School District, or the Twin
6  Rivers School District and were acting in that capacity.  At all times complained of herein, the
7  employee was acting pursuant to his authority as employee and/or peace officer of the
8  Defendant Twin Rivers Police Department, the Center Unified School District, or the Twin
9  Rivers School District, and was acting in the course of and within the scope of his
10 employment.
11     8.    Defendant Doe 1-10 is in some substantial way liable and responsible for, or
12 otherwise caused or participated in, the actions complained of by the plaintiff in this instant
13 action.  Defendant Doe 1-10  may be supervisory and policy making officials within the
14 Defendant Twin Rivers Police Department, the Center Unified School District, or the Twin
15 Rivers School District.  Does 1 through 10, inclusive, may be natural persons or some other
16 entity whose identities are presently unknown to Plaintiff, who, therefore, sues these persons
17 by the fictitious names Doe 1 through 10.

**EXHAUSTION OF GOVERNMENT TORT CLAIM PROCEDURES**

19     9.    Plaintiff filed a timely government tort claim with the defendants, regarding the
20 attack, and the related injuries, as a precondition to the state law claims alleged in this action.
21     10.    That government tort claim was not acted upon, and, therefore, can be deemed
22 rejected by operation of law and less than 2 years have passed since the filing of the claim.

**FACTUAL ALLEGATIONS**

24     11.    Plaintiff DUSTIN BUETTNER  is a 13 year old student at Wilson C. Riles
25 Middle School, who resides in Sacramento County..
26     12.    Wilson C. Riles Middle School is part of the Center Unified School District.
27     13.    The Center Unified School District has a contract with Twin Rivers Unified
28 School District to provide Police services to the Center Unified School District.

1   14.     The Twin Rivers School District is the employer of the Twin Rivers Police
2 Department, through which it was providing services to the Wilson C. Riles Middle School.
3   15.     On February 5, 2010 at around 11 a.m. Plaintiff was sitting in the hallway in
4 front of the office of his counselor, Cheryl Williams at Wilson C. Riles Middle School in
5 Roseville, California.
6   16.     Ms. Williams stepped out of her office into the hallway to talk to the plaintiff.
7   17.     Ms. Williams was standing approximately 2 feet from Plaintiff when Officer
8 Bowman, the school resource officer passed behind her.
9   18.     As he was passing, Officer Bowman said that he is not surprised to see Plaintiff
10 in the office and made a snickering sound with his mouth. Plaintiff made the same sound with
11 his mouth back to the Officer.
12   19.     At that point Officer Bowman turned around and started screaming at Plaintiff:
13 "Are you mocking me?  Are you mocking me?"
14   20.     Officer Bowman then grabbed  Plaintiff around the neck and pushed Plaintiff
15 against the wall.
16   21.     Officer Bowman then picked Plaintiff up and threw Plaintiff on the floor.
17   22.     Officer Bowman then got on top of Plaintiff, rolled Plaintiff over and
18 handcuffed him.
19   23.     While Officer Bowman was on top of Plaintiff, he kept using the "F" word and
20 he kept saying "I'm going to fucking take you down." He repeated this several times .
21   24.     Officer Bowman then picked Plaintiff up from the ground, shoved Plaintiff
22 against the wall and squished Plaintiff's face and head against the wall.
23   25.     Officer Bowman then took Plaintiff to the police car and put Plaintiff in the
24 back.
25   26.     Plaintiff was never charged with any crimes and was shortly thereafter released
26 to his mother.
27   28.     Plaintiff suffered bruises, abrasions, contusions and other injuries as a result of
28 being violently attacked by the officer.

29. At no time prior to, during, or after the assault and detention of the Plaintiff did Defendant have probable cause to believe that Plaintiff had engaged in a crime, was engaging in a crime, or was going to engage in a crime. Further, Defendant had no probable or reasonable cause to believe that Plaintiff presented a potential threat of danger to anyone.

30. Plaintiff believes and alleges that Officer used excessive force upon him and wrongfully detained him.

31. The whole time during Officer Bowman's attack, Plaintiff never resisted, fought back, tried to escape, cussed or yelled.

32. In an effort to justify his actions, Officer Bowman claimed that the student began to lung at the officer. The officer claims that force was necessary to restraining the child.

33. Defendants TWIN RIVERS POLICE DEPARTMENT, CENTER UNIFIED SCHOOL DISTRICT, and TWIN RIVERS SCHOOL DISTRICT failed to provide proper training, supervision, guidelines, policies, procedures and discipline regarding wrongful arrest and the use of force to Twin Rivers Police Department Officer Bowman. Furthermore, Defendants TWIN RIVERS POLICE DEPARTMENT, CENTER UNIFIED SCHOOL DISTRICT, and TWIN RIVERS SCHOOL DISTRICT negligently hired and retained as an employee Defendant Bowman. As a result of the Defendants' actions described herein, Plaintiff suffered physical injuries, emotional distress and anguish and suffered other injuries.

34. In addition to the above and foregoing, the TWIN RIVERS POLICE DEPARTMENT and said Doe defendants, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the Plaintiff of his constitutional rights as described below, and acted in joint and concerted action to so deprive the plaintiff of his constitutional rights as set forth below; all in violation of 42 U.S.C. § 1983 and otherwise in violation of California state law.

35. Said conspiracy, agreement, understanding, plan, scheme, joint action, concerted action, above-referenced, was a substantial legal cause for the violation of the Plaintiff's constitutional rights, as set forth below.

**FIRST CAUSE OF ACTION**
**Excessive Force**
**Violation of the Fourth Amendment to the U.S. Constitution:**
**Actionable under 42 U.S.C. §1983**
*(Against Defendant Bowman)*

36. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35, as though fully set forth herein.

37. The actions of Defendant, as alleged herein, interfered with the exercise and enjoyment of Plaintiff's civil rights as guaranteed by the Fourth Amendment to the U.S. Constitution. Specifically, Defendants unlawfully detained Plaintiff and interfered with his rights by forcefully, tackling, pushing, throwing, shoving, striking, hitting, and pulling Plaintiff's body. Defendant continued to use force in an effort to cause pain and injury the plaintiff

38. Further, at no time did officer have probable cause, or reasonable suspicion that Plaintiff was engaged in any sort of criminal activity. The actions by defendant violated Plaintiffs' right to be free from the use of force and seizure of his person.

39. The Defendant also did not have any probable or reasonable cause to believe that the plaintiff presented a potential threat of danger to anyone.

40. As a direct and proximate result of said acts and/or omissions by Defendant, Plaintiff suffered physical injuries, unreasonable interference with her personal liberty, emotional distress and other injuries. As a direct and proximate result of the aforementioned acts, Plaintiff suffered a loss and incurred other special and general damages and expenses; all in an amount to be proven at trial; in excess of $500,000.00.

41. The aforementioned acts and/or omissions of said Defendant were deliberately indifferent, willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of Plaintiff's rights entitling Plaintiff to an award of punitive damages. Wherefore, Plaintiff prays for judgment as set forth below.

**SECOND CAUSE OF ACTION**
**Excessive Force**
**Violation of the Cal. Constitution Art. I §§ 1, 7, 13, 15 and Cal. Civil Code § 43**
**Actionable under Cal. Civil Code § 52.1(b)/Bane Act**

*(Against Defendan Bowman)*

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 39, as though fully set forth herein.

43. The actions of Defendant, as alleged herein, interfered with the exercise and enjoyment of Plaintiff's civil rights as guaranteed by Article I §§ 1, 7, 13 and 15 of the California Constitution. Specifically, Defendant interfered with Plaintiff's rights by use of threat or intimidation when Defendants, using unjustified force, forcefully, grabbing, tackling, pushing, throwing, shoving, striking, hitting, and pulling Plaintiff's body . Defendant continued to use force in an effort to cause pain and injury.

44. Further, at no time did officer have probable cause, or reasonable suspicion that Plaintiff was engaged in any sort of criminal activity. The actions by defendant violated Plaintiffs' right to be free from an unreasonable detention and seizure of his person.

45. The Defendant also did not have any probable or reasonable cause to believe that the plaintiff presented a potential threat of danger to anyone.

46. Defendant's actions constituted an unreasonable seizure, an excessive use of force, a violation of Plaintiff' right to bodily integrity, and further interfered with Plaintiff's personal rights as guaranteed by § 43 of the California Civil Code.

47. As a direct and proximate result of said acts and/or omissions by Defendant, Plaintiff suffered unreasonable interference with his personal liberty, physical injury, pain and suffering, medical expenses, and other injuries.

48. Defendant's violations of Plaintiff's rights as guaranteed by Civil Code § 52.1 (Bane Act) entitles Plaintiff to compensatory and punitive damages, a $25,000 civil penalty, attorney fees, and injunctive relief all of which are provided for in Civil Code §§ 52.1(b) and 52, and are requested below.

49. The aforementioned acts and/or omissions of said Defendant were willful, intentional, wanton, reckless and/or accomplished with a conscious disregard of Plaintiff's rights as secured by Civil Code § 52.1, thereby entitling Plaintiff to an award of punitive damages pursuant to Civil Code § 52(b)(1).

## THIRD CAUSE OF ACTION
**Unreasonable Seizure/Unlawful Detention**
**Actionable under 42 U.S.C. §1983**
*(Against Defendant Bowman)*

50. Plaintiff DUSTIN BUETTNER re-alleges and incorporates by reference paragraphs 1 through 45, as though fully set forth herein.

51. At the time the Defendant assaulted Plaintiff, handcuffed him and put him inside of his patrol car, the Defendant possessed firearms and was dressed in the uniform of his law enforcement agency.  At no time did the officer advise Plaintiff that he was free to leave.

52. The physical assault and physical restraint by Defendant on Plaintiff was a seizure and detention of Plaintiff's person.  Said detention/seizure was intentional by the Defendant, and was done without Plaintiff's consent.

53. Further, at no time did officer have probable cause, or reasonable suspicion that Plaintiff was engaged in any sort of criminal activity.  The actions by defendant violated Plaintiffs' right to be free from an unreasonable detention and seizure of his person.

54.  The Defendant also did not have any probable or reasonable cause to believe that the plaintiff presented a potential threat of danger to anyone.

55. The aforementioned acts and/or omissions of the Defendant as alleged herein, including but not limited to the detention of Plaintiff without a warrant and without probable cause constituted an unlawful detention which violated Plaintiff's rights as protected by the Fourth through the Fourteenth Amendment of the United States Constitution.

56. As a direct and proximate result of the aforementioned acts, Plaintiff suffered a loss of personal liberty and damages as alleged herein, and incurred other special and general damages and expenses; all in an amount to be proven at trial.

57. The aforementioned acts and/or omissions of the Defendant were deliberately indifferent, malicious, reckless and/or accomplished with a conscious disregard of Plaintiff's rights thereby entitling Plaintiff to an award of exemplary and punitive damages according to proof.

### FORTH CAUSE OF ACTION
**Unreasonable Seizure/Unlawful Detention**
**Violation of the Cal. Constitution Art. I §§ 1, 13, 15 and Cal. Civil Code § 43**
**Actionable under Cal. Civil Code § 52.1(b)/Bane Act**
*(Against Defendant Bowman)*

58. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 43, as Though fully set forth herein.

59. The actions of Defendant as alleged herein, including but not limited to the detention/seizure of Plaintiff without a warrant or probable cause, constituted a wrongful and unlawful detention in violation of Plaintiff's rights as protected by §§ 1, 13 and 15 of the California Constitution.

60. The wrongful and unlawful detention of Plaintiff further interfered with Plaintiff's personal rights as guaranteed by § 43 of the California Civil Code.

61.  As a direct and proximate result of the abovementioned acts, Plaintiff suffered a loss of personal liberty and damages as alleged herein.

62. Defendants' violations of Plaintiff's rights as guaranteed by Civil Code § 52.1 (Bane Act) entitles Plaintiff to compensatory and punitive damages, a $25,000 civil penalty, attorney fees, and injunctive relief all of which are provided for in Civil Code §§ 52.1(b) and 52, and are requested below.

63. In doing the acts alleged in this Complaint, Defendant knew or should have known that his actions would result in injury to Plaintiff.  Plaintiff is informed and believes, and therefore alleges, that Defendant intended to cause injury to Plaintiff and acted with deliberate indifference and with willful and conscious disregard of Plaintiff's rights as secured by Civil Code §52.1, thereby entitling Plaintiff to an award of punitive damages pursuant to Civil Code     §52(b)(1).

### FIFTH CAUSE OF ACTION
**Unreasonable Seizure/Wrongful Arrest**
**Actionable under 42 U.S.C. §1983**
*(Against Defendant Bowman)*

64. Plaintiff DUSTIN BUETTNER  re-alleges and incorporates by reference

paragraphs 1 through 63, as though fully set forth herein.

65. The aforementioned acts and/or omissions of the Defendant as alleged herein, including but not limited to the arrest of Plaintiff without a warrant and without probable cause constituted a false arrest which violated Plaintiff's rights as protected by the Fourth through the Fourteenth Amendment of the United States Constitution.

66. As a direct and proximate result of the aforementioned acts, Plaintiff suffered a loss of personal liberty and damages as alleged herein, and incurred other special and general damages and expenses; all in an amount to be proven at trial; in excess of $500,000.00.

67. The aforementioned acts and/or omissions of the Defendant were deliberately indifferent, malicious, reckless and/or accomplished with a conscious disregard of Plaintiff's rights thereby entitling Plaintiff to an award of exemplary and punitive damages according to proof.

## SIXTH CAUSE OF ACTION
**Unreasonable Seizure/Wrongful Arrest**
**Violation of the Cal. Constitution Art. I §§ 1, 13, 15 and Cal. Civil Code § 43**
**Actionable under Cal. Civil Code § 52.1(b)/Bane Act**
*(Against Defendant Bowman)*

68. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 67, as though fully set forth herein.

69. The actions of Defendant as alleged herein, including but not limited to the arrest of Plaintiff without a warrant or probable cause, constituted a wrongful and false arrest in violation of Plaintiff's rights as protected by §§ 1, 13 and 15 of the California Constitution.

70. The wrongful arrest of Plaintiff further interfered with Plaintiff's personal rights as guaranteed by § 43 of the California Civil Code.

71. As a direct and proximate result of the abovementioned acts, Plaintiff suffered a loss of personal liberty and damages as alleged herein.

72. Defendant's violations of Plaintiff's rights as guaranteed by Civil Code § 52.1 (Bane Act) entitles Plaintiff to compensatory and punitive damages, a $25,000 civil

penalty, attorney fees, and injunctive relief all of which are provided for in Civil Code §§ 52.1(b) and 52, and are requested below.

73. In doing the acts alleged in this Complaint, Defendant knew or should have known that their actions would result in injury to Plaintiff.  Plaintiff is informed and believes, and therefore alleges, that Defendants intended to cause injury to Plaintiff and acted with a  willful and conscious disregard of Plaintiff's rights as secured by Civil Code §52.1, thereby entitling Plaintiff to an award of punitive damages pursuant to Civil Code §52(b)(1).

### SEVENTH CAUSE OF ACTION
**Entity Liability/Unconstitutional Policies and Practices/Ratification**
(*Monell* **claim: Actionable under 42 U.S.C. §1983**)
(*Against Defendants Twin Rivers Police Department, Christopher Breck, Center Unified School District, Twin Rivers School District, and Unnamed Doe Defendants*)

74. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 73, as though fully set forth herein.

75. The aforementioned acts of the individually named Defendant in the wrongful arrest/detention of Plaintiff and in using excessive force to brutalize him and violating Plaintiff's constitutional rights were done pursuant to policies, customs and/or practices of Defendants TWIN RIVERS POLICE DEPARTMENT.

76. Such policies, customs and/or practices include, but are not limited to, an ongoing pattern of deliberate indifference to the rights and privileges of students of the defendants school district, and their right to be free of excessive force and wrongful arrests/detentions. Defendants contributed to the creation and maintenance of, the customs, policies, usages and practices of TWIN RIVERS POLICE DEPARTMENT, *inter alia*, for unlawful arrest/detentions and the use of excessive force on persons, and for otherwise violating the fourth amendment and constitutional rights as described in this complaint, in general.

77. Defendants  TWIN RIVERS POLICE DEPARTMENT, CENTER UNIFIED SCHOOL DISTRICT, AND TWIN RIVERS UNIFIED SCHOOL DISTRICT and Chief

Christopher Breck, and each of them, tacitly encouraged, ratified and/or approved of the unlawful arrest/detentions and the unlawful use of excessive force against Plaintiff, a non-violent citizen, and knew or should have known that such conduct was unjustified and would result in violations of Plaintiff's constitutional rights.

78. The customs, policies and/or practices of said Defendants, and each of them, were a direct and proximate cause of the injuries suffered by Plaintiff, in that said Defendants tacitly encouraged, ratified and/or approved of the violation of Plaintiff's rights and/or failed to adequately train and supervise their deputies and/or employees to prevent the occurrence of the constitutional violations alleged above.

79. It is further and additionally alleged on information and belief that supervisory officers and final policy makers of defendants ratified the wrongful arrest/detention and/or use of excessive force by failure to take any action after reviewing the matter.

80. At all times while committing the above alleged acts of ratification, the supervising officials and final policy makers had final policy making authority of Defendants and knew of and specifically approved of defendants acts constituting unlawful arrest/detention and the unlawful use of excessive force.

81. The actions by the Defendants were deliberately indifferent to the rights of the plaintiff, they were shocking to the conscience and violated Plaintiff's right to be free from unlawful arrest/detentions and the unlawful use of excessive force under the Fourth through the Fourteenth amendments to the United States Constitution.

82. As a direct and proximate result of the aforementioned customs, policies and/or practices and ratifications of said Defendants, Plaintiff suffered injuries and damages as alleged herein.

////
////
////
////

## EIGHTH CAUSE OF ACTION
### Entity/Supervisory Liability
### (42 U.S.C. Section 1983)
(*Against Defendants Twin Rivers Police Department, Christopher Breck, Center Unified School District, Twin Rivers School District, and Unnamed Doe Defendants*)

83. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 82, as though fully set forth herein.

84. The aforementioned acts and/or omissions of the individually named Defendants in wrongfully arresting Plaintiff and using unjustified force, grabbing, tackling, striking, hitting, pulling on Plaintiff's body and violating Plaintiff's constitutional rights were done pursuant to policies, customs and/or practices of Defendants.

85. Such policies, customs and/or practices include, but are not limited to, an ongoing pattern of deliberate indifference to the rights and privileges of students of the school districts to be free of wrongful arrests and excessive uses of force.

86. Defendants and each of them, tacitly encouraged, ratified and/or approved of the unlawful arrest/detention of Plaintiff and the excessive force as alleged herein and knew or should have known that such conduct was unjustified and would result in violations of Plaintiff's constitutional rights.

87. The customs, policies and/or practices, ratifications of said Defendants, and each of them, were a direct and proximate cause of the injuries suffered by Plaintiff, in that said Defendants tacitly encouraged, ratified and/or approved of the violation of Plaintiff's rights and/or failed to adequately train and supervise their officers and/or employees to prevent the occurrence of the constitutional violations alleged above.

88. As a direct and proximate result of the aforementioned customs, policies and/or practices of said Defendants, Plaintiff suffered injuries and damages as alleged herein.

////
////
////

### NINTH CAUSE OF ACTION
**Battery**
**California State Law**

(*Against All Defendants*)

89. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 88, as though fully set forth herein.

90. The conduct of Defendants, as alleged herein, including but not limited to, Defendants using unjustified force, grabbing, tackling, striking, hitting, pulling and sitting on Plaintiff's body, caused Plaintiff to suffer injuries. Defendants' conduct was deliberately indifferent to plaintiff rights, wrongful, intentional, and with willful disregard for Plaintiff's rights. This brutal use of force constituted a battery.

91. Said conduct was a proximate cause of Plaintiff's damages and injuries as alleged herein.

**92.** Defendants Twin Rivers Police Department, Christopher Breck, Center Unified School District and Twin Rivers School District is vicariously liable for the conduct of its agents.

### TENTH CAUSE OF ACTION
**False Arrest**
**California State Law**

(*Against All Defendants*)

93. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 92, as though fully set forth herein.

94. Defendants Bowman arrested or caused Plaintiff to be arrested, without a warrant or probable cause, resulting in injuries to Plaintiff including loss of liberty, and other damages as alleged herein.

**95.** Defendants Twin Rivers Police Department, Christopher Breck, Center Unified School District and Twin Rivers School District is vicariously liable for the conduct of its agents.

////

## ELEVENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress
### California State Law

(*Against All Defendants*)

96. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 95, as though fully set forth herein.

97. Defendants believed, knew and understood, and were aware of facts and circumstances that would have caused a police officer to know and understand that Plaintiff was susceptible to suffering severe emotional distress from Defendant's outrageous and unlawful actions taken and committed against Plaintiff, as described above.

98. Defendant's acts, as described above, were outrageous and done with intent to cause Plaintiff severe emotional distress or were undertaken with reckless disregard of the probability that Plaintiff would suffer such distress.

**99.** Defendants Twin Rivers Police Department, Christopher Breck, Center Unified School District and Twin Rivers School District is vicariously liable for the conduct of its agents.

100. As a direct and proximate result of Defendants' actions taken against and committed against Plaintiff as described above, Plaintiff suffered severe emotional distress.

101. Said actions by defendants were done maliciously and oppressively, and constituted despicable conduct, sufficient for an award of punitive/exemplary damages against defendants in an amount to be shown at trial.

## ELEVENTH CAUSE OF ACTION

### Conspiracy
### California State Law

(*Against Twin Rivers Police Department, Defendant Bowman and Christopher Breck* )

102. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 101, as though fully set forth herein.

103. All defendants had an object to be accomplished; had an agreement on the object or course of action; performed one or more unlawful overt acts; and caused Plaintiff

1 damages that were a direct result of those acts.

2     104. In furtherance of their objectives, defendants did one or more overt acts against
3 the Plaintiff, those acts include, but are not limited to:

4       i. Defendants detained and seized Plaintiff's person without
5       reasonable suspicion/ probable cause of criminality.
6       ii. Defendants used unreasonable and excessive force.

7

8     105. Defendants are vicariously liable for the conduct of its agents, all individual
9 Defendants named herein.

10     106. As a direct and proximate result of Defendants' actions taken against and
11 committed against Plaintiff as described above, Plaintiff suffered severe emotional distress.

12     107. Said actions by defendants were done maliciously and oppressively, and
13 constituted despicable conduct, sufficient for an award of punitive/exemplary damages against
14 defendants in an amount to be shown at trial.

### TWELVETH  CAUSE OF ACTION

### Negligent Supervision and Retention

(*Against Defendants Twin Rivers Police Department, Christopher Breck,
Center Unified School District, Twin Rivers School District,
and Unnamed Doe Defendants*)

108. Plaintiff re-alleges and incorporates by reference as if fully set forth herein paragraphs 1 through 107 above.

109. At all times mentioned in this complaint, defendants and DOES 1 through 10 negligently and carelessly trained and retained its employees. Defendants breached their duty to exercise reasonable care and acted negligently and carelessly in the training and retention by failing to give them proper training including, but not limited to, the laws and regulations against unlawful detention and unlawful use of force.

110. Defendants employers negligently failed to investigate the background of defendants' employee Brian Bowman.  Defendants also failed to take reasonable steps to protect plaintiff from the attack.

111.  As a further direct and proximate result of the negligence of defendants as set forth above, plaintiff sustained mental anguish and pain and suffering and continues to suffer humiliation, embarrassment, mental and emotional distress, and distress, and discomfort, all to plaintiff's damage in an amount to be determined by proof at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. For compensatory, general and special damages against each Defendant, jointly and severally, to the extent permitted by law, in the amount proven at trial; including treble compensatory damages, in an amount in to be proven at trial.

2. For punitive and exemplary damages against each Defendant, as allowed by law (including damages under Civil Code §52(b)(1) and civil penalties under Civil Code § 52(b)(2)), in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct;

3. For costs and reasonable attorneys' fees pursuant to 42 U.S.C. section 1988, Civil Code § 52.1 and §52(b)(3) and as otherwise authorized by statute or law;

4. For such other relief as the Court deems just and proper.

Dated: January 13, 2011                                       Respectfully submitted,

       /s/ Peter B. Tiemann
       PETER B. TIEMANN,
       Attorney for Plaintiff

### **DEMAND FOR TRIAL BY JURY**

Plaintiff DUSTIN BUETNER hereby demands trial by jury.

Dated:  January 13, 2011                                       /s/ Peter B. Tiemann
       PETER B. TIEMANN,
       Attorney for Plaintiff